CT Corporation

**Service of Process Transmittal**
10/06/2014
CT Log Number 525817374

**TO:** Michael Johnson, Legal Assistant
The Hartford
One Hartford Plaza, HO-1-09
Hartford, CT 06155

**RE:** **Process Served in Florida**

**FOR:** Hartford Insurance Company of the Midwest (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | The Best Floor Care, Inc, etc., (A/A/O Isles of Paradise B, Inc,), Pltf. vs. Hartford Insurance Company of the Midwest, Dft. |
| **DOCUMENT(S) SERVED:** | Notice(s), Summons, Statement, Exhibit(s), First Set of Interrogatories, First Request(s) |
| **COURT/AGENCY:** | Broward County Circuit Court, FL<br>Case # COCE14017378DIV54 |
| **NATURE OF ACTION:** | Insurance Litigation - Policy benefits claimed |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Electronic Receipt on 10/06/2014 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Earliest Answer Date - Within 20 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Mordechai L. Breier<br>Suite 243<br>16300 NE 19th Avenue<br>Miami, FL 33162 |
| **REMARKS:** | Process received by Chief Financial Officer on 10/03/2014, and forwarded to C T Corporation System by electronic delivery on 10/06/2014. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/06/2014, Expected Purge Date: 10/11/2014<br>Image SOP<br>Email Notification, Michael Johnson MICHAEL.JOHNSON@THEHARTFORD.COM<br>Email Notification, Massimo Fraschilla Massimo.Fraschilla@thehartford.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1200 South Pine Island Road<br>Plantation, FL 33324 |
| **TELEPHONE:** | 954-473-5503 |

**LAW DEPARTMENT**

**OCT 06 '14**

**RECEIVED**

Page 1 of  1 / KT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



EXHIBIT
A





14-119824

CHIEF FINANCIAL OFFICER
**JEFF ATWATER**
STATE OF FLORIDA

---

THE BEST FLOOR CARE, INC,
DBA DAMAGES SERVICES,
(A/A/O ISLES OF PARADISE B, INC.),

PLAINTIFF(S),

VS.

HARTFORD INSURANCE COMPANY OF THE MIDWEST

DEFENDANT(S).

_____/

SUMMONS, STATEMENT OF CLAIM, EXHIBITS, DISCOVERY

**CASE #:** COCE 14 017378 DIV.54
**COURT:** COUNTY COURT
**COUNTY:** BROWARD
**DFS-SOP#:** 14-119824

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by MAIL on the 3rd day of October, 2014 and a copy was forwarded by Electronic Delivery on the 6th day of October, 2014 to the designated agent for the named entity as shown below.

HARTFORD INSURANCE COMPANY OF THE MIDWEST
DONNA MOCH
CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

\* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

Jeff Atwater
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

MORDECHAI L. BREIER, ESQ.
SUITE 243
16300 NE 19TH AVENUE
MIAMI FL 33162

TMB

Case Number: COCE-14-017378 Division: 54

Filing # 18031163 Electronically Filed 09/09/2014 04:15:21 PM

IN THE COUNTY COURT OF THE 17th JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

THE BEST FLOOR CARE, INC,
DBA DAMAGES SERVICES,
(A/A/O ISLES OF PARADISE B, INC.),

                            CASE NO.:
                            DIVISION:

    PLAINTIFF,

    v.

HARTFORD INSURANCE COMPANY OF THE MIDWEST
DEFENDANT.

_____/

**S U M M O N S**

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint filed in this action on the Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST, whose address is One Hartford Plaza, Hartford, CT 06155-0001, By serving Defendant's dully Registered Agent, HARTFORD INSURANCE COMPANY OF THE MIDWEST
**C/O CHIEF FINANCIAL OFFICER, whose address is:**
**P. O. BOX 6200 (32314-6200)**
**200 E GAINES STREET**
**TALLAHASSEE, FL 32314-0000 US**

    Each Defendant is required to serve written defenses to the complaint or petition on **MORDECHAI L. BREIER, ESQ.,** Plaintiff's attorney, whose address is **16300 NE 19TH AVENUE, SUITE #243, MIAMI, FL 33162,** within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against the defendant for the relief demanded in the complaint or petition.

DATED:_____.      SEP 16 2014

    WITNESS my hand and the Seal of said Court

                    HOWARD C. FORMAN
                    As Clerk of the Court

          By

              As Deputy Clerk

IN THE COUNTY COURT OF THE 17th JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

THE BEST FLOOR CARE, INC,               CASE NO.:
DBA DAMAGES SERVICES,               DIVISION:
(A/A/O ISLES OF PARADISE B, INC.),

PLAINTIFF,

v.

HARTFORD INSURANCE COMPANY OF THE MIDWEST
DEFENDANT.
_____/

### STATEMENT OF CLAIM

COMES NOW, the Plaintiff, **THE BEST FLOOR CARE, INC, DBA DAMAGES SERVICES, (A/A/O ISLES OF PARADISE B, INC)**, (hereinafter referred to as the **"Plaintiff"**), by and through undersigned counsel, and hereby sue the Defendant, **HARTFORD INSURANCE COMPANY OF THE MIDWEST (hereinafter referred to as the "Defendant")**, and in support thereof alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for an amount greater than **$2,500.00 but less than $5,000.00** exclusive of attorney fees, costs, and interest.

2. At all times material hereto, **ISLES OF PARADISE B, INC (the "Insured")**, is and was the owner of the property located at **450 Paradise Isle Blvd., Hallandale, FL 33309, Broward County,** Florida and is otherwise *sui juris*.

3. That at all times material hereto, Plaintiff was and is a corporation duly licensed to transact business in the State of Florida and maintained agents for the transaction of its customary business throughout the State of Florida and is otherwise *sui juris*.

4. That at all times material hereto, the Defendant was and is a corporation duly licensed to transact business in the State of Florida and maintained agents for the transaction of

its customary business throughout the State of Florida and is otherwise *sui juris.*

5.  Venue is proper in **Broward County**, Florida because the contract, which forms the subject matter of this lawsuit, was executed in **Broward County**, Florida.

<u>**COUNT I - BREACH OF CONTRACT**</u>

The Plaintiff re-alleges and re-affirms the allegations contained in paragraphs 1 – 5 as though fully alleged herein, and further alleges as follows

6.  At all times material hereto, in consideration of a premium paid by the Insured, there was in full force and effect a certain homeowners insurance policy issued by the Defendant, policy number **87042650182012,** (hereinafter referred to as the "Policy").

7.  The Defendant is in possession of the policy and it will be made available during discovery.

8.  Under the terms of the Policy, the Defendant agreed to provide insurance coverage to the Insured's property, including but not limited to coverages to protect against **flood**.

9.  At all times material hereto, the Policy provided among other things, coverage for the reasonable cost for the necessary measures taken solely to protect against further damage.

10. On or about **August 28, 2012**, while the Policy was in full force and effect the Property was damaged by a **water event** (hereinafter referred to as the "Loss").

11. On **August 28, 2012**, said Policy of insurance described above was in compliance with Florida law and in full force and effect.

12. The Defendant acknowledged the Loss and assigned an insurance adjuster to adjust the Loss.

13. The Plaintiff submitted to the Defendant a reasonably priced Invoice for the water extraction (hereinafter referred to as the "Invoice") in the amount of **$4,075.31**. The Defendant paid **$0.00**. (A copy of the Invoice is attached hereto as <u>Exhibit "A"</u>.)

14. The amount in controversy is **$4,075.31**.

**Complaint**
**Page 3 of 4**

15. The Invoice was submitted to the Defendant in a timely fashion.

16. The Defendant has received the Invoice at issue.

17. The above-described Insured assigned to the Plaintiff the benefits under the Policy in regards to water extraction services performed by the Plaintiff. (Attached hereto and incorporated herein as Exhibit "B" is a copy of said Assignment). Alternatively, Plaintiff has an assignment in equity based upon the services it rendered at the insured's home.

18. This assignment gives the Plaintiff the right to pursue an action directly against the Defendant for water extraction services performed by the Plaintiff.

19. Plaintiff has complied with all conditions precedent to entitle Plaintiff to recover under the policy or the conditions have been waived.

20. All duties owed to Defendant pursuant to the policy of insurance have been performed or the duties have been waived.

21. Despite demand for payment, Defendant has failed or refused to pay Plaintiff's Invoice.

22. Defendant's refusal to reimburse Plaintiff adequately for the services provided, and otherwise make Plaintiff whole, is a breach of contract.

23. Plaintiff has been damaged as a result of Defendant's breach in the form of insurance proceeds that have not been paid, interest, costs, and attorney's fees.

24. As a result of Defendant's breach of contract, it has become necessary that Plaintiff retain the services of the undersigned attorney. Plaintiff is obligated to pay a reasonable fee for the undersigned attorney's services in brining this action, plus necessary costs.

25. Plaintiff has been and remains fully prepared to comply with the obligations pursuant to the aforesaid contract of insurance.

26. Plaintiff is entitled to recover attorney's fees and cost under Florida Statute §627.428.

**Complaint**
**Page 4 of 4**

      **WHEREFORE**, the Plaintiff demands judgment against the Defendant for all unpaid

bills with interest on any overdue payments, costs, and attorney's fees pursuant to Florida Statute

§627.428.

      **DEMAND** is hereby made for trial by jury of all issues so triable, as a matter of

right.

      **DATED** this 9th day of September 2014.

                  Respectfully Submitted,

                  By: */s/William J. Roe.*
                  Mordechai L. Breier, Esquire
                  Florida Bar No.: 0088186
                  William J. Roe, Esquire
                  Florida Bar No.: 85337
                  CONSUMER LAW OFFICE, P.A.
                  16300 N.E. 19th Ave Suite #243
                  North Miami Beach, FL 33162
                  Dade: (305) 940-0924
                  Fax: (786) 454-4949
                  Email: wroe@myconsumerlawoffice.com
                  Eservice: service@myconsumerlawoffice.com

## Damage Services Inc

| | | |
|---|---|---|
| Client: | Isle of paradise b Inc . | Home:  (570) 909-8439 |
| Property: | 450 paradise isle blv | |
| | hallendale beach. FL 33009 | |

Operator Info:
Operator:  LEO

Estimator:   kfir baranes                                    Business:  (800) 292-5777
Position:   C.E.O                                            E-mail:  sales@thebestfloorcare.com
Company:   The Best Floor Care Inc D.B.A Damage Services
Business:   2430 nw 17 st
              fort lauderdale. FL 33311

References:
Company:   leo.g

| | | | |
|---|---|---|---|
| Type of Estimate: | Water Damage | | |
| Date Entered: | 9/1/2012 | Date Assigned: | 8/28/2012 |
| Date Est. Completed: | 9/1/2012 | Date Job Completed: | 8/31/2012 |

Price List:   FLFL7X_JAN12
Labor Efficiency:   Restoration/Service/Remodel
Estimate:   2012-09-01-2140

EXHIBIT
A

**Damage Services Inc**

**2012-09-01-2140**
**Main Level**

**Main Level**

| DESCRIPTION | QNTY | UNIT COST | TOTAL |
|---|---|---|---|
| 1. Cleaning Technician - after hours | 8.00 HR @ | 41.46 = | 331.68 |
| 2. Carbon vapor filter (for air scrubber) - 24" x 24" | 1.00 EA @ | 97.82 = | 97.82 |
| 3. Dehumidifier (per 24 hour period) - XXLarge - No monitoring | 6.00 EA @ | 138.17 = | 829.02 |

Includes: 2 dehumidifiers for 3 days Equipment cost for a dehumidifier unit. Based on 24 hours of "run time" on the job-site.
Excludes: Set-up, take down, and monitoring. Use WTREQ for set-up, take down, and/or monitoring, if needed.
Quality: Dehumidifier with an AHAM certified rating of > 150 pints per day.
Note: Due to ever improving technology and efficiency of equipment, and as the actual type (brand / model ) specs) of equipment used varies among service providers and areas of the country, no specific equipment is referenced within this line item. The price for this line item is therefore based on the reported cost for the most predominantly used "extra-high capacity" dehumidifier in this area.
No life expectancy data

| DESCRIPTION | QNTY | UNIT COST | TOTAL |
|---|---|---|---|
| 4. Block and pad furniture - hourly charge - after hours | 2.00 HR @ | 63.56 = | 127.12 |
| 5. Cleaning & Remediation - Supervisory - after hrs. | 8.00 HR @ | 65.44 = | 523.52 |
| 6. Per job charge for 3rd party monitoring/review (Bid item) | 2.00 EA @ | | 0.00 |
| 7. Apply anti-microbial agent - after hours | 528.00 SF @ | 0.25 = | 132.00 |
| 8. Neg. air fan/Air scrub.-Large (per 24 hr period)-No monit. | 3.00 DA @ | 122.84 = | 368.52 |
| 9. Add for HEPA filter (for negative air exhaust fan) | 1.00 EA @ | 159.07 = | 159.07 |
| 10. Equip. setup, take-down & monitoring - after hrs | 8.00 HR @ | 62.34 = | 498.72 |
| 11. Air mover (per 24 hour period) - No monitoring | 12.00 EA @ | 25.57 = | 306.84 |

Includes: 4 blowers for 3 days Equipment cost for a standard drying fan. Based on 24 hours of "run time" on the job-site.
Excludes: Set-up, take down, and monitoring. Use WTREQ for set-up, take down, and/or monitoring, if needed.
No life expectancy data

| DESCRIPTION | QNTY | UNIT COST | TOTAL |
|---|---|---|---|
| 12. Add for HEPA filter (for neg. air machine/vacuum - Large) | 1.00 EA @ | 213.82 = | 213.82 |
| 13. Emergency service call - after business hours | 1.00 EA @ | 174.36 = | 174.36 |

**Room1** Height: 8'

| DESCRIPTION | QNTY | UNIT COST | TOTAL |
|---|---|---|---|
| 14. Baseboard - Detach - after hours | 48.00 LF @ | 1.12 = | 53.76 |
| 15. Tear out wet non-salvage cpt, cut/bag - after business hrs | 144.00 SF @ | 0.53 = | 76.32 |
| 16. Tear out wet carpet pad, cut/bag - after business hours | 144.00 SF @ | 0.49 = | 70.56 |

| Adjustments for Base Service Charges | Adjustment |
|---|---|
| Cleaning Remediation Technician | 83.04 |
| Total Adjustments for Base Service Charges | 83.04 |
| Line Item Totals: 2012-09-01-2140 | 4,046.17 |

Damage Services Inc

**Grand Total Areas:**

| | | |
|---|---|---|
| 384.00 SF Walls | 144.00 SF Ceiling | 528.00 SF Walls and Ceiling |
| 144.00 SF Floor | 16.00 SY Flooring | 48.00 LF Floor Perimeter |
| 0.00 SF Long Wall | 0.00 SF Short Wall | 48.00 LF Ceil. Perimeter |
| | | |
| 144.00 Floor Area | 160.44 Total Area | 384.00 Interior Wall Area |
| 456.00 Exterior Wall Area | 50.67 Exterior Perimeter of Walls | |
| | | |
| 0.00 Surface Area | 0.00 Number of Squares | 0.00 Total Perimeter Length |
| 0.00 Total Ridge Length | 0.00 Total Hip Length | |

Damage Services Inc

## Summary

| | | | | |
|---|---|---|---|---|
| Line Item Total | | | | 3,963.13 |
| Total Adjustments for Base Service Charges | | | | 83.04 |
| Material Sales Tax | @ | 6.000% x | 485.69 | 29.14 |
| **Replacement Cost Value** | | | | **$4,075.31** |
| **Net Claim** | | | | **$4,075.31** |

Kfir Isaranes
C.E.O

## Damage Services Inc

### Recap by Room

Estimate: 2012-09-01-2140

| | | |
|---|---:|---:|
| Area:  Main Level | 3,762.49 | 92.99% |
| Room1 | 200.64 | 4.96% |
| Area Subtotal:  Main Level | 3,963.13 | 97.95% |
| Subtotal of Areas | 3,963.13 | 97.95% |
| Base Service Charges | 83.04 | 2.05% |
| Total | 4,046.17 | 100.00% |

Damage Services Inc

## Recap by Category

| Items | | | Total | % |
|-------|---|---|-------|---|
| GENERAL DEMOLITION | | | 146.88 | 3.60% |
| WATER EXTRACTION & REMEDIATION | | | 3,816.25 | 93.64% |
| Subtotal | | | 3,963.13 | 97.25% |
| Base Service Charges | | | 83.04 | 2.04% |
| Material Sales Tax | @ | 6.000% | 29.14 | 0.72% |
| Total | | | 4,075.31 | 100.00% |

Main Level

# The Best Floor Care Inc. DBA Damage Services

## ASSIGNMENT OF BENEFITS, INSURANCE PROCCEDS AND CAUSE OF ACTION

I, _Joana Beatrice_ ("assignor (s)") hereby acknowledge that services and materials have been provided to me by THE BEST FLOOR CARE INC, DBA DAMAGE SERVICES A Florida Corporation, ("Assignee").

In consideration for the mitigation services rendered by Assignee and other good and valuable consideration the sufficiency of which is hereby acknowledge, I assignor hereby irrevocably assign to Assignee and its successors assigns all Assignor's right title and interest, in any monies and proceeds payable for mitigation services by Assignor's home owners insurance company ("the carrier") pursuant to the insurance contract between Assignor and the carrier bearing a policy number _8704/2 650/82012_

Relating to, arising out or in connection, with of the loss the occurred on _Aug 28_ 201_2_

Bering Claim Number _____ (the "claim") on Assignor 's property located at:

_450 paradise isle Blvd_ state: _florida_

Zip: _33009_, together with any proceeds received under the claim for mitigation services to date,

As well as any additional amounts which are or may be, be payable under the Claim, whether by settlement , adjustment ,appraisal ,litigation or otherwise.

In addition to the foregoing for good and valuable consideration the sufficiency of which is hereby acknowledged, I, assignor, irrecoverably assign my rights to Assignee to pursue any claims, demands, suits and any legal action necessary to enforce payment of the mitigation services.

Relating to or arising out of the Claim against the carrier. I assignor, agree to cooperate with Assignee in connection with any efforts Assignee undertakes to pursue the claim to the fullest extent, including but not limited to allowing inspections of the subject property, endorsing or negotiating check proceeds for the benefit of Assignee and executing documents and releases, as necessary, as requested by Assignee in connection with the Claim. In the event Assignee is forced to enforce this assignment by litigation or otherwise, Assignee shall be entitled to its reasonable attorney's fees and costs at all trial and appellate levels.

Accepted and agreed to:

Insured/assignor:

Sign: _Joan Carro_   date: _8/28/12_

Print: _JOAN CARRO_

Sign: _Beatrice Goldman_   date: _8/28/12_

Print: _BEATRICE Goldman_

The Best Floor Care Inc. D.B.A Damage Services. _____

**EXHIBIT**
**B**

## The Best Floor Care Inc.
### D.B.A
## Damage Services
2430 NW 17 ST Fort Lauderdale , Florida 33311

Tel: 800-292-5777

Specialize in: Water Removal, Mold Remediation,& Smoke Damage.

WWW.DamageServices.com

Claim #_____

### EMERGENCY SERVICES WORK AUTHORIZATION

Binding Contract and Assignment of Insurance Benefits

INSURED: _Isle of Paradise "B"_ INSURANCE CO: _____

Property at which WORK WILL BE PERFORMED _450 Paradise Isle Blvd Hallendale_
_FL 33009_

DAMAGE SERVICES and INSURED named above agree that:

### DAMAGE SERVICES UNDERTAKES TO:

1. Provide emergency services as required to mitigate damage.

2. Provide a detailed BILL to be submitted to the INSURANCE COMPANY named above.

3. Deal Direct with the ADJUSTER representing the INSURANCE COMPANY on all issues of scope and price

### INSURED HEREBY:

4. Undertakes to provide access to the property and grants DAMAGE SERVICES first right of refusal on the restoration work.
5. Authorizes direct payment by the INSURANCE COMPANY to DAMAGE SERVICES for al Services rendered.

6. Undertakes to cooperate with DAMAGE SERVICES to ensure that payment is made by the INSURANCE COMPANY immediately upon completion of the work.

7. Declares that he/she the owner of the property at which work will be performed or that he/she the owner's representative legally authorized to contract such work.

8. Acknowledges and agrees that DAMAGE SERVICES was invited to present this emergency services contract and that it is not a solicitation as defined by Florida statute, Chapter 501.

9. ASSIGNMENT OF INSURANCE BENEFITS ONLY PERTAINING TO THE UNPAID BALANCE DUE ON THIS CONTRACT
   I hereby assign to DAMAGE SERVICES any and all insurance proceeds and all other benefits and rights pertaining to the water extraction and dry out service performed or mold remediation or smoke damage.
   Including the right to recover attorney's fees and costs from my insurance company pursuant to Florida State Law and this contract for any unpaid portion of this contract:.

x JOAN CARRO

_Joan Carro_     8/28/13
Homeowner / Authorized Rep.       Date

_Beatrice Goldman_     BEATRICE GOLDMAN
Homeowner / Authorized Rep.

IN THE COUNTY COURT OF THE 17th JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

THE BEST FLOOR CARE, INC,
DBA DAMAGES SERVICES,
(A/A/O ISLES OF PARADISE B, INC.),

CASE NO.: COCE-14-017378
DIVISION: 54

    Plaintiff,

    v.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.

_____/

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

COMES NOW the Plaintiff, THE BEST FLOOR CARE, INC, DBA DAMAGES SERVICES, (A/A/O ISLES OF PARADISE B, INC.), (hereinafter referred to as the "Plaintiff"), by and through their undersigned attorney, and pursuant to Rules 1.280 and 1.340 of the Florida Rules of Civil Procedure, and propounds upon the Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST, the attached fifteen (15) Interrogatories to be answered under oath and in writing within **forty-five (45) days** after service thereof.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served contemporaneous to the filing of the Complaint.

By: *William J. Roe*
Mordechai L. Breier, Esq.
Florida Bar No.: 0088186
William J. Roe, Esq. (of Counsel)
Florida Bar No.: 85337
CONSUMER LAW OFFICE, P.A.
16300 N.E. 19th Ave Suite #243
North Miami Beach, FL 33162
Office: (305) 940-0924 Fax: (786) 454-4949
E-service: service@myconsumerlawoffice.com
E-mail: wroe@myconsumerlawoffice.com

## Instructions

1.  These interrogatories are continuing in nature so as to require the filing of supplemental answers to the extent required under Florida law.

2.  If you cannot answer any interrogatory in full, answer to the extent possible, explain why you cannot answer the remainder, state the nature of the information and knowledge that you can furnish, and provide a supplemental response when you obtain more information.

3.  If your answer to any interrogatory derives from a document, identify the document.

4.  If you content that any document or communicate that is responsive to any interrogatory propounded herein is privileged for any reason whatsoever, identify each such document or communication in your answer to each interrogatory and include that document on a privilege log.

## DEFINITIONS

1.  "You," "your" or "your Company" as used in these interrogatories means the Defendant named above and any related entities who may be liable for the damages sought herein. The definition also includes any individuals or entities handling, adjusting, or otherwise investigating claims on your behalf; any lawyers retained by you on this or any other claim; and any other agents who have performed services on your behalf at any time material to this action.

2.  The connectives "and" and "or" shall be construed either disjunctive or conjunctively as necessary to bring within the scope of these requests all responses that might otherwise be construed to be outside their scope.

3.  The singular includes the plural, and vice versa.  The masculine includes the feminine and vice versa.

4.  The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense.

5.  "All" shall be construed as "all and each" and the term "each" shall be construed as "all and each."

6.  The term "any" means each and every and one or more.

7.  "Coverage Letter(s)" means the correspondence running from You to policyholder throughout the claim at issue regarding your position as to coverage for the loss.

8.  "Document" means any kind of written, typewritten, or printed material whatsoever, any kind of graphic material, and any computer readable media including, but without

limitation, papers, agreements, contracts, notes, memoranda, correspondence, electronic mail messages, studies, working papers, letters, telegrams, invoices, personal diaries, reports records, books, forms, indexes, transcriptions and recordings, magnetic tapes, disk and printed cards, data sheets, data processing cards, personal calendars, journals, diaries, inter office memoranda, minutes and records of any sorts of meetings, financial statements, financial calculations, estimates, reports of telephone or other oral conversations, appointment books, maps, drawings, charts, graphs, photographs, sound recordings, videotape recordings, computer printouts, microfilms, information sent or received via the internet, information stored electronically or on computer chips, disks or databases, all other compilations of data from which information can be obtained or translated if necessary, by plaintiff through detector devices into reasonable usable form and all other writings and recording of every kind, however produced or reproduced whether signed or unsigned. The term "document" includes, without limitation, the original and all file copies and other copies that are not identical to the original no matter how or by whom prepared, and all drafts prepared in connection with any documents, whether or not used. If the original of any document is not in your possession, custody or control, a copy of that document should be produced.

9.     "Communicate" or "communication" means every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of ideas of information, whether orally, buy document, or electronically, or whether fact-to-face, by telephone, mail, personal deliver, electronic transmission or otherwise.

10.    "Person" includes any natural person, corporate entity, partnership, association, joint venture, government entity or trust, and any other business or legal entity.

11.    "Relating to" means in whole or in part constituting, containing, concerning, discussion, commenting upon, describing, analyzing, identifying, stating, pertaining to, referring to, or forming the basis of.

12.    "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or to any other person acting at the direction of or on behalf of another.

13.    "Identify" and "identity" mean:

   a.    with respect to a natural person, to state the person's name, title at the time in question, employer and business address at the time in question and the current or last known employer, business address, and home address;

   b.    with respect to an organization or entity, to state the full legal name of the entity and full name by which the organization or entity is commonly known or does business;

   c.    with respect to a document, to state the name(s) and title(s) of the author(s) and/or signatory(ies), addressee(s), and recipient(s) of any copies; the subject matter or title; the date of the document; the division, department, or unit of your

3

organization with which the author(s) and/or addressee(s) are or were affiliated; and its present location and custodian; and

 d.  with respect to an oral communication, to state the names and titles of all persons involved in the communication, and date and approximate time of the communication.

14. "Loss" means the event at issue in which the policyholder suffered property damage.

**[SPACE INTENTIONALLY LEFT BLANK]**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

1.   What is the name and business address of the person(s) answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.   Describe in detail your efforts to gather information and documents responsive to each of these interrogatories, as well as Plaintiff's First Request for Production of Documents, including the person(s) involved in such efforts.

3.   List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge and state whether you have obtained any statements (oral, written and/or recorded) from any of said witnesses, list the dates any such witness statements were taken, by whom any such witness statements were taken, and who has present possession, custody and/or control of any such statements.

4.    Does the coverage/denial letter specifically cite to each and every policy provision and all facts upon which you are relying in connection with your decision to deny, or otherwise not make full payment to Plaintiff? If your answer is anything other than an unqualified affirmative, identify all other policy provisions and facts upon which you are relying for your denial or partial payment of the claim at issue.

5.    Do you contend that all or any portion of the loss, as set forth in this matter is not covered by the policy(ies) issued by you? Unless your answer is an unqualified negative, please set forth the specific amounts that you contend are not covered, and for each such amount, all facts, including exclusions or other provisions of the policy(ies), supporting your contention that no coverage exists.

6.    State each and every policy provision and all facts related to each upon which you are relying in connection with your decision to deny, or otherwise not make full payment in response to the property damage invoice submitted by Plaintiff in this matter.

7.   Identify all persons on your behalf who are or have been responsible for determining and/or analyzing how the policy at issue in this lawsuit applies to the insured's, **Isles of Paradise B, Inc.**, claim.

8.   List the names, addresses and official positions of each and every person in your employ or in the employ of anyone on your behalf, who has had any involvement in the review of the denial or withholding of payment of Plaintiff's invoice and state in what capacity they were involved, the date they were involved and the nature of their involvement.

9.   For each document listed on the privilege log that you have served in this action, or otherwise being withheld by you on grounds of privilege, please state, with respect to each document:

     a.   The name of each person, if any, to whom or with whom each such document was provided or shared.

     b.   The date of the document; the number of pages of the document; the type of document involved and its general subject matter without disclosing its contents; and the names, business address, and telephone numbers of all person who prepared the documents or to whom the document was directed.

     c.   Any policy provision, statutory language or case law which Defendant relies upon in claiming privilege.

10.     Identify all persons involved on your behalf in the handling of this claim.  For each person identified, identify the person's employer and explain the role of each person identified in the handling of the claim which forms the basis of this lawsuit.

11.     Please provide the name, Florida license number, current address and telephone number of any adjusters or other individuals (whether employed by you or not) who were involved in any manner in adjusting the claim, or who visited or inspected the subject premises.

8

12. With regard to any third parties who provided services, analysis, adjusting, or otherwise rendered opinions to you in adjusting or handling this claim, please identify:

    a. The name of the individual(s) who hired/retained the third party on behalf of Defendant;

    b. The date and nature of the services provided by each third party;

    c. Each case in which the third party has been hired/retained by you for any purpose during the past three (3) years;

    d. The amount of money that the third party has been paid by you during the past three (3) years;

    e. Please state the taxpayer identification numbers for both you and each third party.

13. If you allege that Plaintiff or the insureds failed to perform any conditions precedent, or failed to fulfill any duties after loss, please identify them with specificity, including the date the individual failed to perform, citing the appropriate contractual language which supports the individual's duty to perform.

14. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place and substance of each statement.

15. State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

_____

Affiant:

**STATE OF FLORIDA :**

                            :

**COUNTY OF _____ :**

     **BEFORE ME**, the undersigned authority, personally appeared, who, being first duly sworn, on oath deposes and says that the foregoing Answers to Interrogatories are true and correct, and that he/she has read the Answers to Interrogatories and knows the contents thereof.

     **SWORN TO AND SUBSCRIBED** before me this ____ day of _____, 20___.

_____

NOTARY PUBLIC

_____

Print Notary Name

My commission expires:

IN THE COUNTY COURT OF THE 17ᵗʰ JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

THE BEST FLOOR CARE, INC,
DBA DAMAGES SERVICES,
(A/A/O ISLES OF PARADISE B, INC.),

CASE NO.: COCE-14-017378
DIVISION: 54

    Plaintiff,

    v.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

    COMES NOW the Plaintiff, THE BEST FLOOR CARE, INC. DBA DAMAGES

SERVICES (A/A/O ISLES OF PARADISE B, INC.), (hereinafter referred to as the "Plaintiff"),

by and through their undersigned attorney, and pursuant to Rule 1.350, of Florida Rules of Civil

Procedure, hereby requests Defendant, HARTFORD INSURANCE COMPANY OF THE

MIDWEST, (hereinafter referred to as "Defendant") to furnish copies of the following

documents to the offices of the undersigned attorney:

## INSTRUCTIONS FOR ANSWERING

    A.  You are required, in responding to this Request, to obtain and furnish all information
available to you and any of your representatives, employees, agents, brokers, servants, or
attorneys, and to obtain and furnish all information that is in your possession or under your
control, or in the possession or under the control of any of your representatives, employees,
agents, servants, or attorneys.

    B.  Each request which seeks information relating in any way to communications, to, from,
or within a business and/or corporate entity, is hereby designated to demand, and should be
construed to include, all communications by and between representatives, employees, agents, of
the business and/or corporate entity.

    C.  Each request should be responded to separately. However, a document which is the
response to more than one request may, if the relevant portion is marked or indexed, be produced
and referred to in a later response.

D. All documents produced shall be segregated and identified by the paragraphs to which they are primarily responsive. Where required by a particular paragraph of this Request, documents produced shall be further segregated and identified as indicated in this paragraph. For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents were taken.

E. If you object to part of any request, please furnish documents responsive to the remainder of the request.

F. Each request refers to all documents that are either known by the Defendant to exist or that can be located or discovered by reasonably diligent efforts of the Defendant.

G. The documents produced in response to this Request shall include all attachments and enclosures.

H. The documents requested for production include those in the possession, custody or control of the Defendant's agents and attorneys.

I. References to the singular include the plural.

J. The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

K. All documents called for by this Request or related to this Request, for which the Defendant claims a privilege or statutory authority as a ground for not producing pursuant to the Request shall be listed chronologically as follows:

    I. The place, date and manner of recording or otherwise preparing the document;

    II. The name and title of the sender;

    III. The identity of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;

    IV. The identity and title with Defendant{s}, if any, or the person or persons supplying Defendant's attorneys with the information requested above;

    V. The identity of each person to whom the contents of the document have heretofore been communicated by copy, exhibition, sketch, reading or substantial summarization, the date of said communication, and the employer and title of said person at the time of said communication;

    VI. Type of document;

    VII. Subject matter (without revealing the relevant information for which privilege or statutory authority is claimed); and

    VIII. Factual and legal basis for claim, privilege or specific statutory or regulatory authority which provides the claimed ground for the refusal to produce the document(s).

L. Each request to produce a document or documents shall be deemed to call for the production of the original document or documents to the extent that they are in, or subject to, directly or indirectly, the control of the party to whom this Request is addressed. In addition, each request should be considered as including a request for separate production of all copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof).

M. All documents produced in response to this Request shall be produced *in toto* notwithstanding the fact that portions thereof may contain information not requested.

N. If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date, and subject matter.

O. Where exact information cannot be furnished, estimated information is to be supplied to the extent possible. Where estimation is used, it should be so indicated, and an explanation should be given as to the basis on which the statement was made and the reason exact information cannot be furnished.

P. With respect to any document requested which was once in the Defendant's possession, custody or control, but no longer is, please indicate the date and the manner in which the document ceased to be in the Defendant's possession, custody, or control and the name and address of its present custodian.

Q. Unless otherwise indicated, each request is to be construed as encompassing all documents which pertain to the stated subject matter and to events which transpired from 2005 to the present.

## DEFINITIONS

I.   "You," "your" and "yourself" refer to the party to whom the following requests are addressed and the Defendant's agents, employees and other representatives.

II.  "Person" means natural persons, partnership, corporations and every other type of organizations or entity.

III. "Identify" means when used in reference to:

    i. a *document*, to state separately:

        i.   its description (e.g. letter, report, memorandum, etc.),
        ii.  its date,
        iii. its subject matter,
        iv.  the identity of each author or signer,
        v.   its present location and the identity of its custodian,

    ii.  an *oral* statement, communication, conference or conversation, to state separately:

        i.   its date and the place where it occurred,
        ii.  its substance,
        iii.  the identity of each person participating in the communication or conversation, and
        iv.  the identity of all notes, memoranda or other documents memorializing, referring to relating to the subject matter of the statement;

    iii.  a *natural person or persons*, to state separately:

        i.   the full name of each such person,
        ii.  his or her present or last known business address and his or her present or last known residential address, and
        iii.  the employer of the person at the time to which the Request is directed and the person's title or position at that time,

    iv.  an organization or entity other than a natural person (e.g., a company, corporation, firm, association, or partnership), to state separately:

        i.   the full name and type of organization or entity,
        ii.  the date and state of organization or incorporation,
        iii.  the address of each of its principal places of business, and
        iv.  the nature of the business conducted.

IV.  "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communication and oral communication

V.    "Document" or "documents" includes without limitation any written, typed, printed, recorded, or graphic matter, however preserved, produced, or reproduced, of any type or description, regardless of origin or location, including without limitation any binder, cover note, certificate, letter, correspondence, record, table, chart, analysis, graph, schedule, report, text, study memorandum, note, list diary, log, calendar, telex, message (including but not limited to inter-office, and intro-office communications) questionnaire, bill, purchase order, shipping order, contract, memorandum of contract, agreement, license, certificate, permit, ledger, ledger entry, book of account, check, order, invoice, receipt, statement, financial data, acknowledgement, computer or data procession card, computer or data processing disk, computer generated matter, photograph, photographic negative, phonograph recording, transcript or log of such recording, projection, videotape, firm, microfiche, and all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, drafts and revisions of drafts of any documents and original preliminary notes or sketches, no matter how produced or maintained, in your actual or constructive possession, custody or control, or the existence of which you have knowledge, and whether prepared, published or released by you or by any other person. If a document has been prepared in several copies, or additional copies have been made or copies are not identical (or by which reason of subsequent modification of a copy by the addition of notations or other modifications, are no longer identical), each non-identical copy as a separate document.

VI.   "Relating to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the matter discussed.

VII.  "Claim" means a demand or assertion, whether oral or written, formal or informal, by any person for monetary payment, the undertaking of action, or the cessation of action.

VIII. "Consulted" or "contracted" means any form of communication, e.g., oral statements, telephone conversations or other mechanical communications or any other type of communication including written letters or documents.

IX.   "Defendant" means **HARTFORD INSURANCE COMPANY OF THE MIDWEST**, its subsidiaries, divisions, parent company, and holding company and the directors, officers, employees, agents, representatives, and others known to you to have acted on their respective behalf.

X.    "Management" or "manage" includes any act of directing, conducting, administering, controlling, or handling an identified function or duty.

XI.   "During the relevant time period" shall mean a period of fives years before and up to the date of occurrence alleged.

XII.  "Any" shall also mean "all" and vice versa.

XIII. "And" shall mean "or" and "or" shall mean "and" as necessary to call for the broadest possible answer.

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT

1. All insurance policies which would provide coverage to Isles of Paradise B, Inc. (hereinafter referred to as the "Insured"), together with any declaration of coverage page, application for insurance and a sworn statement of a corporate office of Defendant attesting to the coverage and the authenticity of the policy.

2. The entire claim file and any "log notes" for the claim filed by the insured in this action, to the extent that the same are kept in the ordinary course of business.

3. All documents reflecting any payment made to any person or entity for any reason as a result of the Insured's claim.

4. All documents relating to, supporting or otherwise identified by you or which are responsive to those questions set forth in Plaintiff's First Set of Interrogatories.

5. All documents which support any affirmative defenses or other defenses raised by you in your Answer and Affirmative Defenses.

6. All tapes and/or transcripts or statements taken of any person, including but not limited to, Examinations Under Oath, regarding the Insured's claim.

7. All correspondence between Plaintiff (or the Insured), or any representative of Plaintiff (or the Insured), and any representative of Defendant regarding the Insured's claim.

8. All current curriculum vitae and other biographical information from any persons who inspected the property and for any expert(s) retained for any reason regarding the insured's claim.

9. All documents (including but not limited to estimates, evaluation, reports, testing) received by Defendant from any source or created by Defendant to ascertain damage to Insured's property or structure.

10. All documents reflecting the specific efforts that you undertook in investigating the claim and communicating with the Plaintiff.

11. All documents reflecting specific visits to the property.

12.     All documents, correspondence, facsimiles, electronic mail, etc., exchanged between the Defendant and the Plaintiff (or the Insured), between the Defendant and any adjusting firms and/or independent adjusters or other vendors utilized in handling the Insured's claim.

13.     All other documents that are related to the subject property or to your determination of whether and how much and when to pay the Plaintiff.

14.     All documents reflecting the relationship between the Defendant and any Insurance Adjuster used by the Defendant for adjusting and evaluating the amount of damage, and identify their specific role in investigating the Plaintiffs' claim.

15.     All books, treatises or authority used by the adjuster in determining the amount to pay on Plaintiff's bill for services.

16.     All writings, memoranda, notes or other materials reflecting examination/inspection of the Insured's property by Defendant or its agents.

17.     All photographs or video depiction of the Insured's property in the possession of Defendant or any agent of Defendant.

18.     All proofs of loss received by Defendant from Plaintiff (or the Insured) or any representative of Plaintiff (or the Insured).

19.     All peer reviews or comparative estimates prepared on behalf of Defendant for the services rendered by Plaintiff as a result of the subject loss.

20.     Defendant's latest claims manual or statement of policies and procedures on the processing or handling of homeowner's claims.

21.     Any training manual/guide that Defendant's employees received regarding the adjustment of water damage claims.

22.     For all denials of Plaintiff's Request for Admissions, documents which support or are related to your denial.

**[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served contemporaneous to the filing of the Complaint.

By: *William J. Roe*
Mordechai L. Breier, Esq.
Florida Bar No.: 0088186
William J. Roe, Esq. (of Counsel)
Florida Bar No.: 85337
CONSUMER LAW OFFICE, P.A.
16300 N.E. 19th Ave Suite #243
North Miami Beach, FL 33162
Office: (305) 940-0924 Fax: (786) 454-4949
E-service: service@myconsumerlawoffice.com
E-mail: wroe@myconsumerlawoffice.com

IN THE COUNTY COURT OF THE 17th JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

THE BEST FLOOR CARE, INC,             CASE NO.: COCE-14-017378
DBA DAMAGES SERVICES,             DIVISION: 54
(A/A/O ISLES OF PARADISE B, INC.),

    Plaintiff,

    v.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.
_____/

## PLAINTIFF'S FIRST REQUEST FOR ADMISSION TO DEFENDANT

COMES NOW the Plaintiff, THE BEST FLOOR CARE, INC., DBA DAMAGES SERVICES (A/A/O ISLES OF PARADISE B, INC.), (hereinafter referred to as the "Plaintiff"), through the undersigned attorney, pursuant to Rule 1.370 of the Florida Rules of Civil Procedure, request that the Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST (hereinafter referred to as "Defendant"), admit the following Requests for Admissions (found below after the "Instructions" and "Definitions" sections):

## INSTRUCTIONS

The requests for Admissions, as separately set forth below, shall be deemed admitted unless, within forty-five (45) days after service, a sworn written answer or objection addressed to the Requests is served upon you and filed with the Secretary. If you claim that you cannot admit the Request based on a lack of knowledge, you are required by Florida law to specifically set forth in detail the reasons why the Request cannot truthfully be admitted or denied. A denial shall fairly meet the substance of the Request, so much of it as is true shall be specified, and the remainder shall be qualified or denied. Lack of information or knowledge shall not be given as a

reason for failure to admit or deny unless a reasonable inquiry that the information known to or readily obtainable in insufficient to enable an admission or denial. It is not a ground for denial of an Admission that the Request presents a genuine issue for trial.

<u>DEFINITIONS</u>

(A) "You," "your" or "your Company" shall mean the Defendant or its subsidiary, related company, agents or assigns.

(B) The term "and" and "or" are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Request any document or information that might otherwise be construed to be outside its scope.

(C) The term "any" means each and every and one or more.

(D) "Communicate" or "communication" means every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of ideas or information, whether orally, by document, or electronically, or whether face-to-face, by telephone, mail, personal delivery, electronic transmission or otherwise.

(E) "Document" shall mean all written or graphic matter, however produced, or reproduced, of every kind and description in your actual or constructive possession, custody, care or control, including without limitation, all writings, account letters, account recommendations, appointment books, books, books of accounts, calendars, CD-ROMs, charts, computer files, computer printouts, contracts, cost sheets, data compilation from which information can be obtained or can be translated through detection devices into reasonably usable form, diaries, drafts, drawings, e-mail, faxes, graphs, hotel charges, invoices, ledgers, magnetic discs, magnetic strips, magnetic tape, memoranda, microfiche, microfilm, minutes, notes, optical characters, papers, photographs, punched cards, punched paper tapes, receipts, recognition characters, reports, sound tapes or

recordings, statements, statistical records, stenographer notebooks, studies, telegraphs, time sheets or logs, video tapes or recordings, vouchers, weigh tickets, working papers, or any other tangible thing.

(F) "Identify" means to state:

> (1) in the case of a person other than a natural person, its name and principal address and telephone number, its agent for service of process within the State of Florida, and the address for the agent for service of process in the State of Florida, and if a trust, the name, address and telephone number of the trustee of the trust;

> (2) in the case of a natural person, his or her name, home and business addresses and telephone numbers, employer, title or position, date of birth and social security number;

> (3) in the case of a communication, its date, type (e.g., telephone conversation, letter, or meeting), the place where it occurred, the identity of each person who received the communication or who was present when it was made, and the subject matter discussed; and

> (4) in the case of a document, either (i) the title of the document, the author's identity, the addressee's identity, the type and subject matter of the document, the date it was prepared, and the number of pages it comprises, or (ii) its production number.

(G) "Person" includes any natural person, corporate entity, partnership, association, joint venture, government entity or trust, and any other business or legal entity.

(H) "Relating to" means in whole or in part constituting, containing, concerning, discussions, commenting upon, describing, analyzing, identifying, stating, pertaining to, referring to, or forming the basis of.

(I) All references to the singular include the plural and vice versa.

3

(J) The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense.

(K) "Insurer" means every Person engaged as indemnitor, surety, or contractor in the business of entering into contracts of insurance or of annuity.

(L) "Loss" means the event at issue in which the policyholder suffered property damage.

[THIS SPACE INTENTIONALLY LEFT BLANK]

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

1.     Please admit that on **August 28, 2012, ISLES OF PARADISE B, INC.** (hereinafter the "Insured") had a property insurance policy with **HARTFORD INSURANCE COMPANY OF THE MIDWEST** (hereinafter the "Policy") in full force and effect on the property at **450 Paradise Isle Boulevard, Hallandale, FL 33309** (hereinafter the "Property").

2.     Please admit that the Insured's Property sustained damage on **August 28, 2012**.

3.     Please admit that the Policy issued by Defendant provided coverage for damage caused to the Property as a result of water damage.

4.     Please admit that the Insured have complied with all prerequisites to receiving benefits under the Policy.

5.     Please admit that the Plaintiff has complied with all prerequisites to receiving benefits under the Policy.

6.     Please admit that Defendant authored and/or drafted the insurance policy at issue in this action and that Defendant has a true and correct copy of the subject insurance policy in its possession.

7.     Please admit that Florida and local law is applicable to, and incorporated into, the policy issued to the Insured.

8.     Please admit that Defendant is obligated to pay Plaintiff's claim in accordance with the obligations set forth under Florida and local law.

9.     Please admit that your claims file and "log notes" for the Insured was kept in the ordinary course of business.

10.    Please admit that the loss that occurred on or about **August 28, 2012** at the Property was a covered loss under the Policy.

11.    Please admit that Defendant has breached the insurance contract subject to this cause of action by failing to properly pay what is required under said contract.

12.    Please admit that the Defendant received Plaintiff's Assignment of Benefits and Invoice for Payment.

13.    Please admit that the Defendant has not paid any money to repair damages sustained to Insured's Property.

14.    Please admit that the Defendant has not paid Plaintiff's Invoice.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served contemporaneous to the filing of the Complaint.

By: *William J. Roe*
Mordechai L. Breier, Esq.
Florida Bar No.: 0088186
William J. Roe, Esq. (of Counsel)
Florida Bar No.: 85337
CONSUMER LAW OFFICE, P.A.
16300 N.E. 19th Ave Suite #243
North Miami Beach, FL 33162
Office: (305) 940-0924 Fax: (786) 454-4949
E-service: service@myconsumerlawoffice.com
E-mail: wroe@myconsumerlawoffice.com

IN THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. COCE 14 017378

THE BEST FLOOR CARE, INC. DBA
DAMAGES SERVICES (A/A/O ISLES OF
PARADISE B, INC.),

      Plaintiff,

v.

HARTFORD INSURANCE COMPANY OF
THE MIDWEST,

      Defendant.

## NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST ("Hartford"), in a lawsuit entitled *The Best Floor Care, Inc., DBA Damages Services, (A/A/O Isles of Paradise B, Inc.),*" in the County Court of the 17th Judicial Circuit, in and for Broward County, Florida, bearing case number COCE-14-017378 , has filed a Notice of Removal of said action to the United States District Court for the Southern District of Florida, on the 22nd day of October, 2014.  A copy of said Notice of Removal is attached hereto as Exhibit "1".

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via email this 22nd day of October, 2014 to Mordechai L. Breier, Esq., CONSUMER LAW OFFICE, P.A., service@myconsumerlawoffice.com; and William J. Roe, Esq., CONSUMER LAW OFFICE, P.A., wroe@myconsumerlawoffice.com and service@myconsumerlawoffice.com.

CASE NO. COCE 14 017378

/s/ J. Michael Pennekamp
J. Michael Pennekamp
Fla. Bar No. 983454
Email: jmp@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Espirito Santo Plaza, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201
*Counsel for Hartford Insurance Company of the Midwest*

4836-5135-7216, v. 1

2